*243 Opinion of the Court, by
Judge Milus.
THIS.is an action of detinue for a slave, and aver-diet and judgment were rendered for the defendant in the court below; to reverse .which, the plaintiffs .have prosecuted this writ of errpr.
A subsequent deed from the same grqntor, attempting to revoke a former deed not revocable, and in consideration of natural love and affection, to convey the same estate, cannot be given in evidence in an action by the trustees of the first, against the do-nee, unless it be accompanied by evidence impeaching the first deed.
The slave in question belonged to Thomas Tunic^ and the plaintiffs introduced a deed from Thomas Turner to them, embracing this slave and other real and personal estate,
It recites, that the grantor was aged and infirm, and at tipies incapable of managing his business, by reason of old age and debility, and vyas liable to impositions, and anticipating probable incapacity by the further-progress of years, in consideration of the premises and the fqr-ther consideration of four hundred dollars, he conveyed all his estate to the plaintiffs,to have 'and to hold the estate in trust, to and for the uses, intents and purposes following; that is to say, in trust for the use qf the said Thomas, for and during the period of his natural life, and no longer, and then to descend arid vest and be distributed by his executors, agreeably to the provisions of a will made by the said Thomas Turner before the. deed.”
finder this deed, the plaintiffs took possession of the estate, and hired out this slave, from year to year, until the defended got him, and still held him.
The defendant then produced a deed from the said Thomas, for the same slave, with other estate, dated subsequent to the deed produced by the plaintiffs, and' referring to the plaintiffs’ deed, and revoking it, and expressing a consideration of natural love and affection.
To the admission of this deed, the plaintiffs objected; but the court admitted it. Thpy then attempted to impeach it, by showing that the grantor was incompetent, by reason of dotage and insanity, to make it, and the coqrt refused to permit them to do so.
It is clear, that if the first deed was valid to pass the legal estate to the plaintiffs, it gave them a right tore-cover in this action, and the latter deed could give no title to the defendant. We perceive no legal objections to the plaintiffs’ deed, its consideration is sufficient to support it; and that it was cqmpeicut for the grantor to pass the legal estate for his benefit, there can be no doubt. Nor do we see any objections to it in a moral pointofview. Here, no creditor is concerned; and it was commendable to place the estate in a situation to, be preserved, when he became sensible that his approaching incapacity might subject it to waste, and himself to gross impositions. This deed is, therefore. *245 valid; and ns it was intended to prevent future di'spo-sitions of his estate, such as that relied on by the defendant, it was defeating this deed, to permit'the latter to be given in evidence, and then protect it from impeach-meat. It is true, that such subsequent conveyance might have been given in evidence by the defendant, for the purpose of putting himself in the attitude of a purchaser, and then of impeaching the prior deed, But this was not attempted or suggested', and admit-ling it, and not permitting it to be impeached after-wards, was certainly calculated to induce the jury to believe that the grantor could pass the estate, against the provisions of his former deed, and even revoke such former deed; This conclusion renders it unnecessary to decide upon the other points in the cause,
Permitting the latter ^efJ to go to ouVsuphevi-denoe and refusing to aiReached as fraudulent,Vs calculated to j°¡.y°t0tnbc.. Reve the grantor could ^®tes' withstanding the former cleei\> ancl 18 err01'
Qapertqn and- Hoggin, for plaintiffs; Turner, for defendant, '
The judgment must be reversed with costs, and the verdict be set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion. ’